UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

---

| | |
|---|---|
| SANDRA OBERMEIER, | |
| Plaintiff, | COMPLAINT |
| -against- | JURY TRIAL DEMANDED |
| STANDARD INSURANCE COMPANY, | |
| Defendant. | |

---

Plaintiff, SANDRA OBERMEIER, through her attorney, ROBERT G. DORTON, as and for her complaint against Defendant, alleges as follows:

## THE PARTIES

1. Plaintiff, SANDRA OBERMEIER, is a resident of Sarpy County, State of Nebraska.

2. At all times relevant to her short-term disability (hereinafter "STD") and long-term disability (hereinafter "LTD") insurance coverage and claim, Plaintiff was employed by Northwest Bank.

3. Defendant STANDARD INSURNACE COMPANY (hereinafter "THE STANDARD" or "Defendant") is an insurance company licensed to do business in the State of Nebraska. THE STANDARD maintains its home office and registered agent for service of process in Portland, Oregon.

## JURISDICTION

4. The Court has jurisdiction of the matter pursuant to the Employee Retirement Income and Security Act of 1974 (hereinafter "ERISA"), as amended, 29

1

U.S.C. section 1001, et. seq., and more particularly 29 U.S.C. sections 1132(a)(1)(b), 1132(a)(3) and 1140, as well as 28 U.S.C. sections 1331, 2201, and 2202. Additionally, diversity jurisdiction exists pursuant to 28 U.S.C. section 1332.

## VENUE

5. Venue is appropriate in the District of Nebraska pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. section 1132(e)(2), as the Plaintiff is a resident of the District of Nebraska and the breach of the insurance contract took place in the District of Nebraska.

## BACKGROUND FACTS

6. Plaintiff was employed by Northwest Bank and began her employment with Northwest Bank on or about May 2008.

7. As part of Plaintiff's compensation package, Defendant provided STD and LTD insurance coverage. Plaintiff was a "participant" within the meaning of ERISA section 29 U.S.C. 1002(7) of her employer's benefit plan.

8. Defendant, for good and valuable consideration, sold, executed and delivered to Northwest Bank a Group STD/LTD policy entitled "Iowa Bankers Benefit Plan Trust" and bearing policy number 609781-A (hereinafter "the Policy"). The Policy was issued on the usual forms used and prepared by Defendant.

9. The Policy became effective on or about May 1, 1991, and has been continuously renewed on an annual basis and continues to be in full force and effect.

10. Benefits are due and vested to Plaintiff under the Policy. At all times, Plaintiff has complied with all conditions necessary for her to receive benefits based on her disability.

11. The Policy's definition of disability is as follows:

    "You are Disabled if you meet one of the following definitions:

    A. Own Occupation Definition of Disability; or
    B. Partial Disability Definition

    A. Own Occupation Definition of Disability: During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your own Occupation. You are Disabled from your own occupation if, as a result of Sickness, Injury or Pregnancy, you are unable to perform with reasonable continuity the material duties of your own occupation.

    B. Partial Disability Definition: During the Benefit Waiting Period and the Own Occupation Period you are Partially Disabled when you work in your own occupation but, as a result of Sickness, Injury or Pregnancy, you are unable to earn more than the Work Earnings Limit"

12. As an employee of Northwest Bank, Plaintiff was covered by the Policy.

13. Plaintiff's last day of employment with Northwest Bank was on or about December 21, 2011.

14. Plaintiff suffers from serious, debilitating physical and mental health conditions, which worsened on or about August 2, 2011.

15. The qualifying medical conditions suffered by Plaintiff include:

    A. Fibromyalgia;

    B. Severe fatigue;

    C. Generalized pain;

    D. Sleep disruption;

    E. Spine Tenderness;

    F. Reduced Range of Motion;

    G. Degenerative Disc Disease;

    H. Diabetes;

    I. Obstructive Sleep Apnea;

    J. Osteoarthritis;

    K. Gastroesophageal Reflux Disease;

    L. Chronic Obstructive Pulmonary Disease (COPD) requiring oxygen use;

    M. Depression;

    N. Anxiety; and

    O. Other physical and mental health impairments.

16. As a result of these conditions, Plaintiff's treating medical and mental health providers found her to be disabled and unable to work.

17. Accordingly, Plaintiff submitted a claim for STD/LTD benefits under the terms of the Policy on or about August 3, 2011.

18. In a letter dated September 20, 2011, Defendant denied Plaintiff's claim, alleging that she was capable of performing her own occupation.

19. On October 6, 2011, Plaintiff requested review of Defendant's September 20, 2011 denial of her claim and supplied Defendant with additional medical and mental health evidence.

20. In a letter dated January 6, 2012, Defendant upheld its decision to deny Plaintiff's claim, and informed Plaintiff of the denial.

21. Plaintiff requested a second round of administrative review from Defendant in a letter from her attorney dated February 6, 2012.

22.     In a letter dated March 14, 2012, Defendant upheld its decision to deny Plaintiff's claim, and informed Plaintiff that she had exhausted all administrative levels of appeal.

23.     Defendant's denial of Plaintiff's claim ignores the findings, expert opinions, and objective medical and mental health evidence supplied by Plaintiff's treating providers indicating that Plaintiff is eligible and due benefits under the terms of the Policy.

24.     There are no further internal steps to appeal the denial within Defendant's own internal processes.

25.     Under the terms of the Policy, Plaintiff is clearly entitled to STD and LTD benefits for her continuing disabilities.

26.     Defendant's denial of plaintiff's claim was arbitrary and capricious and in violation of ERISA.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment against Defendant containing the following relief:

a.  For an Order directing Defendant to provide Plaintiff with a true and accurate copy of the entire contents of any and all files and documents which Defendants, or any plan administrator, in any way gathered, utilized, or had access to, at the time concerning the claims by Plaintiff for LTD benefits as described herein, including, without limitation, the Plan Description, Summary Plan Description, Plan Administrator's file, Applications and other documents submitted by Plaintiff, medical and psychiatric records,

vocational reports, and other evidence available to the Plan Administrator and/or Trustee, interoffice memoranda, internal documents, correspondence, and notices;

b. For a declaratory judgment that the Defendant violated Plaintiff's rights pursuant to ERISA;

c. That the Court direct the Defendant to pay Plaintiff STD and LTD benefits from August 2, 2011, the date Plaintiff's symptoms began to prevent full-time work, and that such benefits continue in the future;

d. For an Order of restitution;

e. That the Court award reasonable attorney's fees and costs of this action pursuant to ERISA, 20 U.S.C. section 1132(g);

f. That the Court award interest on any benefits from August 2, 2011, the date of the improper denial, until the date of payment, including prejudgment and post-judgment interest on such benefits; and

g. Any other relief that the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY.**

DATED:   Omaha, Douglas County, Nebraska
         May 14, 2012

ROBERT G. DORTON (NE #23830)
ATTORNEY FOR PLAINTIFF
Law Offices of Robert Dorton, LLC
319 South 17th Street, Suite 210
Omaha, NE 68102
(402) 614-4155

STATE OF NEBRASKA        ]
COUNTY OF DOUGLAS        ] ss.:

I, SANDRA OBERMEIER, being duly sworn, depose and say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe it to be true.

*Sandra R. Obermeier*
**SANDRA OBERMEIER**

**Sworn to before me this 14th day of May, 2012.**

_____
**Notary Public**

GENERAL NOTARY - State of Nebraska
ROGER R. HOLTHAUS
My Comm. Exp. Nov. 28, 2012